IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Julia Knapp, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14 C 20 |
| Credit Control, LLC, a Missouri limited liability company, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Julia Knapp, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Julia Knapp ("Knapp"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed for a Citibank account, despite the fact that she had exercised her right to refuse to pay this debt and be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"),

located in Chicago, Illinois.

4. Defendant, Credit Control, LLC ("Credit Control"), is a Missouri limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Credit Control operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Credit Control was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Credit Control is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Credit Control conducts business in Illinois.

6. Moreover, Defendant Credit Control is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Credit Control acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Knapp is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including one she allegedly owed for a Citibank account. When Credit Control began trying to collect the Citibank debt from Ms. Knapp, by sending her a collection letter, dated October 3, 2013, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Credit Control's collection actions. A copy of Credit

Control's October 3, 2013 letter is attached as Exhibit C.

8. Accordingly, on October 25, 2013, one of Ms. Knapp's attorneys at LASPD informed Credit Control, in writing, that Ms. Knapp was represented by counsel, and directed Credit Control to cease contacting her, and to cease all further collection activities because Ms. Knapp was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, on or about November 13, 2013, Defendant Credit Control called Ms. Knapp and aggressively demanded that she enter into a payment plan on the Citibank debt. Feeling bullied, she agreed to a monthly plan and gave Defendant her banking information.

10. After reporting this abusive call to her attorneys, on November 14, 2013, one of Ms. Knapp's attorneys at LASPD reiterated to Credit Control, in writing, that Ms. Knapp was represented by counsel, that Credit Control had to cease contacting Ms. Knapp, and that she refused to pay the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

11. Incredibly, on November 19, 2013, Credit Control sent Ms. Knapp yet another letter, stating that it was going to take money from her checking account. This greatly distressed Ms. Knapp and forced her to close her bank account. A copy of this collection letter is attached as Exhibit F.

12. Accordingly, on December 20, 2013 one of Ms. Knapp's LASPD attorneys had to write to Defendant Credit Control yet again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax

confirmation are attached as Exhibit G.

13. Defendant Credit Control's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant Credit Control's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

17. Here, the letters from Ms. Knapp's, agent/attorney, LASPD, told Defendant Credit Control to cease communications and cease collections (Exhibits D and E). By continuing to communicate regarding this debt and demanding payment via a telephone call and a letter (Exhibit F), Defendant Credit Control violated § 1692c(c) of the FDCPA.

18. Defendant Credit Control's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

21. Defendant Credit Control knew that Ms. Knapp was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibits D and E), that she was represented by counsel, and had directed Defendant Credit Control to cease directly communicating with her. By directly calling Ms. Knapp and sending her a collection letter (Exhibit F), despite being advised that she was represented by counsel, Defendant Credit Control violated § 1692c(a)(2) of the FDCPA.

21. Defendant Credit Control's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Julia Knapp, prays that this Court:

1. Find that Defendant Credit Control's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Knapp, and against Defendant Credit Control, for actual and statutory damages, costs, and reasonable attorneys' fees as

provided by § 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Julia Knapp, demands trial by jury.

        Julia Knapp,

        By: /s/ David J. Philipps_____
        One of Plaintiff's Attorneys

Dated: January 2, 2013

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

6